UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, <br><br> Plaintiff, <br><br> v. <br><br> DAVID FILICHIA and DANIEL E. GOODMAN L.L.C., <br><br> Defendants. | No. 12-CV-04360 <br><br> Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Board of Trustees of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the Board of Trustees) filed an action for a declaratory judgment and a preliminary injunction under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3). It seeks a judgment declaring that the Chicago Laborers and Welfare Fund (the Fund) has the right to be reimbursed from funds held by Defendants David Filichia and The Law Offices of Daniel E. Goodman, LLC[1] (Goodman), as well as imposing a constructive trust on those funds. The Board of Trustees alleges that Filichia received a settlement payment from an automobile accident but failed to reimburse the Fund for medical payments that it made on his behalf. Goodman represented Filichia in the lawsuit related to his accident. Goodman moves to dismiss

---

[1]The defendant is incorrectly captioned as "Daniel E. Goodman, L.L.C."

[R. 6] the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons below, Goodman's motion is denied.

I.

In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted). David Filichia, a participant in the Fund, suffered injuries in an automobile accident in 2010. R. 1, Compl. ¶¶ 4, 8. Because of Filichia's injuries, the Fund has paid $20,713.89 in medical benefits to him or on his behalf. *Id.* ¶ 9. About eight months after the accident, Filichia resolved a claim he filed against a third party for his injuries and recovered $20,000 in a settlement. *Id.* ¶ 15.

According to the Fund's plan documents, the Fund has a first-priority lien on any settlement proceeds and recoveries from litigation on a first-dollar basis. *Id.* ¶ 12. Under this lien, any participant in the Fund that receives an injury settlement from a responsible third party is obligated to reimburse the Fund in full for any benefits paid by the Fund. *See id.* ¶¶ 10-13. Pursuant to this language, the Board of Trustees advised Filichia of his obligations to reimburse the Fund from his settlement proceeds. *Id.* ¶ 16. Goodman refused to reimburse the Fund and stated that he would file an action to adjudicate the Fund's lien in state court, which he did in 2012. *Id.* ¶¶ 17, 23.

Here in federal court, in Count One, the Board of Trustees seeks a declaratory judgment that the Fund is entitled to be reimbursed for the benefits paid to Filichia from his settlement proceeds. R. 1, Compl. ¶ 25. In Count Two, the Board of Trustees

4

seeks a preliminary injunction enjoining Filichia and Goodman from dissipating Filichia's settlement proceeds pending final determination by this Court that the Fund's reimbursement provisions be enforced. *Id.* ¶ 33. In Count Three, the Board of Trustees alleges that Filichia breached his fiduciary duty to the Fund when he used Fund assets for his own benefit by failing to reimburse the Fund. *Id.* ¶ 38. In addition to these remedies, the Complaint's prayer for relief also asks that this Court impose a constructive trust over Filichia's settlement amount. *Id.* at 12.

## II.

Federal Rule of Civil Procedure 12(b)(1) provides the procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks jurisdiction. See Fed. R. Civ. P. 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under the laws of the United States within the meaning of § 1331 only when the claim for relief depends in some way on federal law as stated in a well-pleaded complaint, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). The plaintiff bears the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

5

# III.

At the outset, Filichia and Goodman argue that under *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998), subrogation liens by ERISA-regulated benefit plans cannot be adjudicated as an original federal action. *See* R. 6 at 2-3. This argument lacks merit. *Speciale* and the related cases that Defendants cite are cases where the plaintiffs attempted to remove state actions to adjudicate liens on state tort settlement funds to federal court. *See, e.g.*, *Speciale*, 147 F.3d at 614. Those cases held that removal under ERISA preemption was improper because "neither the original tort action[s] nor the petition[s] to adjudicate adverse claims to the settlement fund[s] sought a payment from the [ERISA-regulated] plan[s], [so] Section 502 [was] irrelevant." *Id.* at 616 (quoting *Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495 (7th Cir.1997)) (internal quotation marks omitted). That is plainly not this case.

Instead, the Board of Trustees brings an original federal action seeking reimbursement to the Fund pursuant to ERISA § 502(a)(3). That provision authorizes a civil action "by a . . . fiduciary (A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3). So, a federal court has subject matter jurisdiction over a § 502(a)(3) case if the plaintiff pleads (1) that it is a fiduciary,[2] and (2) that it seeks equitable relief

---

[2]The Board of Trustees has plausibly pled that it is a fiduciary of the Fund. *See* R. 1, Compl. ¶ 3.

regarding an ERISA-regulated plan. *See id.*; *Sereboff v. Mid Atlantic Med. Servs., Inc.*, 547 U.S. 356, 361 (2006).

1.

The Board of Trustees has plausibly pled that it seeks equitable relief against Filichia. Under *Sereboff*, a fiduciary of an ERISA-regulated plan that seeks reimbursement for medical expenses paid to the defendant from tort settlement proceeds must identify a particular fund distinct from the defendant's general assets and a particular share of that fund to which the plan is entitled. *See* 547 U.S. at 364. Once identified, equity would allow the plan to "follow" a portion of the tort recovery into the defendant's hands and impose on that portion an equitable lien established by the defendant's agreement to the plan documents. *See id.* Similarly, *Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco* requires that an ERISA administrator plead that the funds are identifiable, in the control of a defendant, and that the administrator is rightfully entitled to the funds under the terms of its plan. 338 F.3d 680, 688 (7th Cir. 2003). Here, the Board of Trustees has identified the $20,000 settlement, alleged that Filichia has recovered the settlement, and alleged that the Fund's plan documents require a 100% reimbursement of that amount. *See* R. 1, Compl. ¶¶ 13, 15. Accordingly, the Board of Trustees has satisfied the requirements of § 502(a)(3) as to defendant Filichia.

**2.**

Plaintiff has also plausibly pled that it seeks equitable relief against Goodman. Although Goodman is not a party to the Fund's plan, the text of § 502(a)(3) does not limit the universe of possible defendants. *See* 29 U.S.C. § 1132(a)(3); *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000). Instead, § 502(a)(3) focuses on redressing the act or practice that violates ERISA. *Harris*, 530 U.S. at 246. Although the Seventh Circuit has not yet specifically addressed whether a plan beneficiary's lawyer is a proper defendant in § 502(a)(3) actions, other circuits have held that *Harris* instructs that they are. *See Longaberger Co. v. Kolt*, 586 F.3d 459, 469 (6th Cir. 2009); *Admin. Comm. for the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Horton*, 513 F.3d 1223, 1228-29 (11th Cir. 2008); *Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 357-58 (5th Cir. 2003). Their reasoning is persuasive, as is the reasoning of *Central States, Southeast and Southwest Areas Health and Welfare Fund ex rel. McDougall* v. *Lewis*, 871 F. Supp. 2d 771, 778 (N.D. Ill. 2012). In particular, *Lewis* reasoned that an attorney can be a proper defendant if the attorney exercises control over the particular funds identified in the complaint, such as by choosing to pay attorney's fees from those funds instead of reimbursing the ERISA-regulated plan. *See id.*

Here, the Board of Trustees has pled that Goodman was Filichia's attorney during his personal injury suit, helped Filichia recover the $20,000 settlement, and knew about Filichia's reimbursement obligations to the Fund yet rejected the Fund's right to reimbursement. *See* R. 1, Compl. ¶¶ 5, 15-17. This plausibly pleads that

8

Goodman exercised sufficient control over the settlement funds to be a proper defendant, especially because the Court presumes that Goodman took its attorney's fees from that settlement.[3] *See Lewis*, 871 F. Supp. 2d at 774 (presuming that defendant's attorney paid himself before disbursing a settlement fund to his client). Accordingly, the Board of Trustees has satisfied the requirements of § 502(a)(3) as to defendant Goodman.

IV.

For the reasons discussed above, the Court denies Defendant's motion to dismiss [R. 6].

ENTERED:

*Edmond E. Chang*

Honorable Edmond E. Chang
United States District Judge

Date: January 29, 2013

---

[3] In any event, Defendants have not briefed this argument in their Motion to Dismiss [R. 6] or in their Reply [R. 10].

9